\*\*Original filed 8/3/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY ARNOLD,<br><br>   Petitioner,<br><br> vs.<br><br>D.L. RUNNELS, Warden<br><br>   Respondent. | No. C 01-20810 JF (PR)<br><br>ORDER GRANTING EXTENSION OF TIME TO RESPONDENT TO RETRY PETITIONER |

  Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Alameda Superior Court for attempted robbery while armed with a firearm (Cal. Penal Code §§ 211, 664, 12022(a)(1)), possession of a firearm by a convicted felon (Cal. Penal Code § 12021(a)(1)) and shooting at an occupied building (Cal. Penal Code § 246). Petitioner was sentenced to forty-one years-to-life in state prison.

  On November 4, 2003, the Court denied the instant petition and entered judgment for Respondent. Petitioner appealed this Court's denial of the petition. The Court denied Petitioner's request for a certificate of appealability. The Ninth Circuit Court of Appeals

Order Granting Extension of Time to Respondent to Retry Petitioner
P:\pro-se\sj.jf\hc.01\Arnold810misc    1

1  granted a certificate of appealability and reviewed this Court's denial of the petition.
2  The Ninth Circuit reversed and remanded. See Arnold v. Runnels, 421 F.3d 859, 869-870
3  (9th Cir. 2005). On remand, the Ninth Circuit ordered this Court to issue a conditional
4  writ of habeas corpus and require that the State of California release Petitioner from
5  custody in this case, unless the State grants Petitioner a new trial within a reasonable
6  period of time as determined by this Court. Id.  On March 2, 2006, this Court issued an
7  order conditionally granting the petition. The Court ordered that Petitioner must be
8  released and his conviction vacated unless the State of California retries Petitioner within
9  one-hundred and twenty (120) days. A copy of the Court's order was sent to the parties
10 of record and sent by certified mail to the Alameda Superior Court.

11      On July 13, 2006, the Court ordered Respondent to show cause as to why this
12 Court should not issue an unconditional order releasing Petitioner. The Court ordered
13 Respondent to file a response and notify the Court of the current status of the underlying
14 state criminal proceedings. On July 18, 2006, Petitioner, through his counsel, filed a
15 response to the Court's Order to Show Cause and a declaration. On July 21, 2006,
16 Respondent filed a response to the Order to Show Cause. On July 25, 2006, Petitioner
17 filed a reply to Respondent's response.

18                              **DISCUSSION**

19      The parties have fully addressed the status of the underlying state proceedings in
20 the papers submitted as of the date of this order. On June 28, 2006, Petitioner appeared
21 before the Alameda Superior Court and the prosecution noted that it was initiating
22 criminal proceedings against Petitioner. Petitioner's Response, Decl. of Amitai Schwartz,
23 Exhibit 3 at 1-3. The Alameda County Public Defender asked the superior court to
24 continue the case for two days to determine whether the office would accept the case. Id.
25 The superior court agreed, noting that it was ready to set the case for trial on Monday July
26 3, 2006 and that there were judges available to try Petitioner's case. Id. at 3.
27 \\\
28

Order Granting Extension of Time to Respondent to Retry Petitioner
P:\pro-se\sj.jf\hc.01\Arnold810misc          2

On June 30, 2006, the Alameda Public Defender's Office accepted Petitioner's case and the superior court reiterated that trial proceedings could begin on Monday, July 3, 2006. Pet.'s Response, Decl. Of Amitai Schwartz, Exhibit 4 at 1. The public defender stated that Petitioner's counsel could not be ready by that date. Id. at 3-4. The superior court found that California's speedy trial statute began to run on that date, and it set further proceedings on July 6, 2006 and a trial date of August 7, 2006. Id. at 1, 4. On July 6, 2006, Petitioner's counsel requested a date for a motion to dismiss based upon the prosecution's alleged failure to comply with this Court's order. Pet.'s Response, Decl. Of Amitai Schwartz, Exhibit 5 at 2. The superior court set a motion hearing date for July 21, 2006, and noted the trial date was still on calendar for August 7, 2006. Id. at 2. In his Response to the Order to Show Cause, Respondent notes that the prosecution informed Respondent that Petitioner's counsel intends to continue the motion date for two weeks. See Resp't. Response at 3, n.4.

Habeas corpus is an equitable remedy, Schlup v. Delo, 513 U.S. 298, 319 (1995) and courts have "broad discretion in conditioning a judgment granting habeas relief." Hilton v. Braunskill, 481 U.S. 770, 775 (1987). "Indeed, 'federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court.'" Gilmore v. Bertrand, 301 F.3d 581, 583 (7th Cir. 2002) citing to Hilton, 481 U.S. at 775.

Based upon the briefing, the Court concludes that Respondent has shown good cause for an extension of time beyond the Court's original one-hundred and twenty (120) day deadline for retrying Petitioner. Here, the state criminal proceedings were initiated against Petitioner well before the deadline. Petitioner's criminal proceeding is now subject to California's speedy trial statute pursuant to Cal. Penal Code §1382(a)(2). As the superior court noted, Petitioner's right to effective representation of defense counsel does not override this Court's order. Pet.'s Response, Decl. Of Amitai Schwartz, Exh. 4 at 4. This additional time period within which to retry Petitioner conforms with the Ninth Circuit's order on remand to issue a conditional writ of habeas corpus and require that the

1  State of California release Petitioner from custody in this case, unless it grants Petitioner
2  a new trial within a *reasonable* period of time as determined by this Court.  Arnold v.
3  Runnels, 421 F.3d at 869-870 (emphasis added).  See also Gilmore, 301 F.3d at 583
4  (district court had authority to grant the state an extension of time to comply with
5  conditional writ); Moore v. Zant, 972 F. 2nd 318, 319, 320-21 (11th Cir. 1992) (district
6  court did not err in granting state additional time to resentence petitioner after state failed
7  to act within original 180 day time period).  Accordingly, the Court grants Respondent an
8  extension of time to retry Petitioner within a reasonable period of time, subject to
9  California's speedy trial act, and providing that petitioner's choice to waive time, if
10 necessary for preparation of the defense, shall not affect the reasonableness of the time
11 period.

## DISPOSITION

For the reasons stated above, Petitioner must be released and his conviction VACATED unless the State of California retries Petitioner within a reasonable time period.  The underlying trial proceedings shall commence within **sixty days** of the date of this order, subject to the conditions set forth above.  The Clerk of Court shall send a copy of this order to the Alameda Superior Court via certified mail.

IT IS SO ORDERED.

DATED: ___8/3/06_____          /S/_____

                                    JEREMY FOGEL
                                    United States District Judge

Order Granting Extension of Time to Respondent to Retry Petitioner
P:\pro-se\sj.jf\hc.01\Arnold810misc                4

1  A copy of this ruling was mailed to the following:

2  Amitai Schwartz, Esq.
   2000 Powell Street
3  Suite 1286
   Emeryville, CA  94608
4

5  Peggy S. Ruffra
   CA State Attorney General's Office
6  455 Golden Gate Ave
   Suite 11000
7  San Francisco, CA  94102-7004

8

9  Clerk, Alameda County Superior Court
   Dept. 11
10 Rene C. Davidson County Courthouse
   1225 Fallon Street
11 Oakland, CA 94612

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Extension of Time to Respondent to Retry Petitioner
P:\pro-se\sj.jf\hc.01\Arnold810misc                5